# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA (EASTERN DIVISION)

| | |
|---|---|
| Christian Akouala, | Civil No. 3:24-cv-0012 (NEB/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| A.G.U. Logistick, Mac Schneider, Judge Hochhalter, Christina Rudy, Court of Works. Comp., U.S. Marshal ND, U.S. Marshal MN, and U.S. Marshal OK, | |
| Defendants. | |

This matter is before the Court on Plaintiff Christian Akouala's Complaint (ECF No. 1-1[1]). For the following reasons, the Court recommends dismissing this action as frivolous.

This action commenced on January 22, 2024, when Mr. Akouala filed the Complaint in the U.S. District Court for the District of North Dakota. (*See* ECF No. 1-1.) The Complaint appears to name six defendants: (1) "A.G.U. Logistick," which the Court construes as referring to the Colorado corporation AGU Logistics Inc.; (2) Mac Schneider, presumably referring to the U.S. Attorney for the District of North Dakota; (3) "Judge Hochhalter," presumably referring to U.S. Magistrate Judge Clare R. Hochhalter; (4) Christina Rudy, who is not further identified; (5) "Court of Works. Comp," which appears to refer to the Colorado Division of Workers' Compensation; and (6) "U.S. Marshal ND," "U.S. Marshal MN," and "U.S. Marshal OK", which the Court

---

[1] On March 19, 2024, the Honorable Steven M. Colloton, Chief Judge of the U.S. Court of Appeals for the Eighth Circuit, designated and assigned this matter to U.S. District Judge Nancy J. Brasel. (ECF No. 11.) On March 28, 2024, Judge Brasel appointed the undersigned to this case. (*See* ECF No. 12.)

construes as referring collectively to the U.S. Marshals Service.  (*See* Compl. 1–2.[2])  The Complaint is hard to follow, but Mr. Akouala appears to complain of various problems he is having in civil and criminal proceedings in at least two different states.  (*See id.* at 3–4.)

In lieu of paying a filing fee, Mr. Akouala sought permission to proceed *in forma pauperis* ("IFP") in this matter.  (ECF No. 1.)  U.S. Magistrate Judge Alice R. Senechal granted Mr. Akouala's request.  (ECF No. 3.)  Under the federal statute governing federal court matters proceeding IFP, however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that … the action … is frivolous[.]"  28 U.S.C. § 1915(e)(2).  A case is frivolous when "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*).  "When a complaint lacks any allegations explaining what a given defendant did that creates legal liability, the complaint lacks an arguable basis in fact as to that defendant."  *Swenson v. Hable*, No. 21-cv-1011 (SRN/HB), 2021 WL 34767200, at *2 (D. Minn. July 15, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 3472694 (D. Minn. Aug. 6, 2021).

As presently pleaded, Mr. Akouala's Complaint is factually frivolous because he provides no specific factual allegations about any particular Defendant.  (*See* ECF No. 1-1 at 3-4.)  Mr. Akouala makes only vague accusations against no specific Defendant.  (*See id.*)  The Court cannot determine which Defendant did what, or what cause of action each is supposedly responsible for.  The Court therefore recommends dismissing this action without prejudice under 28 U.S.C. § 1915 as frivolous.

---

[2] For ease of reference the Court uses the CM/ECF pagination to cite documents.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Christian Akouala's Complaint (ECF No. [1-1]), be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) as frivolous.

Dated: April 11, 2024            *s/ Dulce J. Foster*
                                 DULCE J. FOSTER
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).